IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE BERRY, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:19-024 | |
| § | | |
| ADT SECURITY SERVICES, INC., § | | |
| *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER
## ADOPTING IN PART AND OVERRULING IN PART
## MAGISTRATE JUDGE'S RECOMMENDATION

On February 8, 2019, the Court referred all motions and other pretrial matters in this case to United States Magistrate Judge Dena Palermo pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Order of Referral of All Matters [Doc. # 9]. On April 4, 2019, Magistrate Judge Palermo issued a Report and Recommendation on Plaintiff's Motion to Remand ("R&R on Motion to Remand") [Doc. # 19], recommending the Court deny Plaintiffs' Motion to Remand [Doc. # 8], and dismiss without prejudice nondiverse Defendant Nick Marcoulier from this suit as an improperly joined party. Magistrate Judge Palermo based this conclusion upon, among other things, Plaintiffs' failure to include any allegations in their state court Petition [Doc. # 1-6] about Marcoulier's role in this case. The same day Magistrate Judge Palermo issued the R&R on Motion to Remand, Plaintiffs filed a

Notice of Voluntary Dismissal Without Prejudice ("Notice of Voluntary Dismissal") [Doc. # 20].  On April 8, 2019, Defendant ADT Security Service, Inc. ("ADT") filed a Motion to Vacate Voluntary Dismissal ("Motion to Vacate") [Doc. # 21], requesting the Court vacate Plaintiff's Notice of Voluntary Dismissal, or, alternatively, sanction Plaintiffs for filing a frivolous Motion to Remand.  On June 24, 2019, Magistrate Judge Palermo issued a Report & Recommendation and Order ("R&R on Motion to Vacate") [Doc. # 25], recommending that ADT's Motion to Vacate be denied and ordering the imposition of $500.00 in sanctions under Federal Rule of Civil Procedure 11 against Plaintiffs for filing a frivolous Motion to Remand.

Plaintiffs filed timely Objections to the R&R on Motion to Vacate,[1] contending Magistrate Judge Palermo's imposition of sanctions for filing the Motion to Remand was unjustified.  Defendant ADT filed a response defending the imposition of sanctions.[2]  ADT does not object to Magistrate Judge Palermo's recommendation that ADT's Motion to Vacate be denied.  Plaintiffs have not filed a reply and a reasonable time to do so has expired.  The Court has reviewed both

---

[1]  Plaintiffs; Objection to Magistrate Palermo's Report and Recommendation and Order Regarding Sanctions ("Objections") [Doc. # 26].

[2]  ADT LLC's Response to Plaintiffs' Objections to Magistrate Palermo's Report and Recommendation and Order Regarding Sanctions ("Response") [Doc. # 27].

2

R&Rs, pertinent matters of record, the parties' briefing in connection with Plaintiffs' Motion to Remand, Defendant ADT's Motion to Vacate, Plaintiffs' Objections, and ADT's Response. The Court has also reviewed the applicable legal authorities. The Court's review of the R&R is *de novo*. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 347 (5th Cir. 2012).[3]

The Court is persuaded that Rule 11 sanctions were not justified. "A sanction under Rule 11 is 'an extraordinary remedy, one to be exercised with extreme caution.'" *SortiumUSA, LLC v. Hunger*, No. 3:11-CV-1656-M, 2014 WL 1080765, at *3 (N.D. Tex. Mar. 18, 2014) (quoting *Laughlin v. Perot*, No. 3:95-cv-2577-R, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997)). "Ordinarily, . . . claims that are plainly meritless should be disposed of early in the course of litigation through summary judgment or other pretrial motion." *Blue v. U.S. Dep't of Army*, 914 F.2d 525, 535 (4th Cir. 1990). "As a general matter, dismissal of a

---

[3]   A court need only conduct *de novo* review of those portions of the magistrate judge's report to which objection is made. *See Funeral Consumers*, 695 F.3d at 347. "It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Id.* at 410 n.8.

frivolous . . . case on the merits should be a first option, whereas imposition of sanctions should be a matter of last resort." *Id.* "In determining whether Rule 11 sanctions should be imposed, the Court does not judge the merits of the action but rather, determines whether an attorney has abused the judicial process." *See SortiumUSA*, 2014 WL 080765, at *5 (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).

While Plaintiffs' Motion to Remand was "plainly meritless" in light of the absence of any factual allegations about Marcoulier's conduct, sanctions are not warranted. *See Blue*, 914 F.2d at 535. For the reasons stated in Judge Palermo's R&R on Motion to Remand, Plaintiffs description of the law was erroneous.[4] Nevertheless, the proper recourse for legally inadequate arguments was in this

---

[4] *See Scott Hengemuhle and Ty Prop., LLC v. Acceptance Indem. Ins. Co.*, No. 4:17-CV-409, 2017 WL 3908934, at *2 (E.D. Tex. Aug. 17, 2017) ("[P]ost-removal filings may be considered only to the extent they amplify or clarify facts alleged in the state court complaint, with new claims or theories of recovery disregarded." (quoting *Akerblom v. Ezra Holdings Ltd.*, 509 F. App'x 340, 344 (5th Cir. 2013))), *report and recommendation adopted*, 2017 WL 3896157 (E.D. Tex. Sept. 6, 2017); *Enochs v. Lampasas Cty.*, No. 9-CA-054, 2009 WL 10699651, at *2 (W.D. Tex. Apr. 20, 2009) ("[W]hether removal was proper is determined solely with reference to Plaintiff's original petition filed in state court [at the time of removal], regardless of any [subsequent] amended petition or complaint . . . ."); *Gremillion v. AEP Tex. Central Co.*, No. 1:17-CV-225, 2018 WL 1308541, at *6 (S.D. Tex. Jan. 17, 2018) ("[A] complaint amended post-removal cannot divest a federal court of jurisdiction." (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995))), *report and recommendation adopted*, 2018 WL 1305554 (S.D. Tex. Mar. 12, 2018).

C:\Users\SHELIA~1\AppData\Local\Temp\notes88842C\24R&R.docx 190806.0923

situation dismissal of the argument, not sanctions. *See Blue*, 914 F.2d at 535; *SortiumUSA*, 2014 WL 1080765, at *5. Plaintiffs' deficient argumentation does not render the Motion to Remand an "abuse [of] the judicial process" warranting sanctions. *See SortiumUSA*, 2014 WL 1080765, at *5.

Moreover, Rule 11 sanctions are procedurally improper. Under Rule 11, sanctions may be imposed either based on a party's motion for sanctions or on a federal court's own initiative. *See* FED. R. CIV. P. 11(c)(2), (3). If raised by motion, the motion "*must* be made separately from any other motion and *must* describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c)(2) (emphasis added). Moreover, the motion for sanctions must first be served on the opposing party and cannot be filed with the court until 21 days after service, thus giving the opposing party an opportunity to correct its actions. *Id.*

A federal court may also, on its own initiative, impose sanctions. *See* FED. R. CIV. P. 11(c)(3). To do so, the court "may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." *Id.* Under Rule 11(c)(5)(B), "[t]he court must not impose a monetary sanction . . . on its own, unless it issued [a] show-cause order under Rule 11(c)(3) before voluntary dismissal." A federal court abuses its discretion by imposing sanctions on its own initiative without first issuing a show-cause or order specifically describing the violative conduct. *See Brunig v. Clark*, 560 F.3d 292,

297 (5th Cir. 2009) ("We have held that a district court imposing *sua sponte* sanctions abuses its discretion by disregarding Rule 11's procedural requirements that it issue a show cause order and describe the specific offensive conduct."); *Marlin v. Moody Nat'l Bank, N.A.*, 533 F.3d 374, 379 (5th Cir. 2008) ("As discussed, although sanctions may be awarded on the court's initiative, it is required first to 'order [the] attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).' The district court, however, did not issue the required show-cause order. As a result, . . . the sanctions constituted an abuse of discretion.").

In this case, ADT did not comply with Rule 11(c)(2)'s separate motion requirement and there is no evidence it complied with the 21 days' notice requirement. Instead, ADT requested Rule 11 sanctions within its Motion to Vacate, which was not filed until after the Motion to Remand had been decided. The sanctions order, accordingly, must be characterized as one issued on the court's initiative. *See Brunig*, 560 F.3d at 297 ("The parties agree that the court imposed the sanctions on its own initiative, because even though Appellees' filed a motion seeking sanctions, their motion failed to follow the safe harbor procedures of Rule 11."); *Diggs v. Citigroup, Inc.*, No. 3:12-CV-1612-L, 2013 WL 124110, at *3 (N.D. Tex. Jan. 8, 2013) ("The record is clear that Defendant did not file a separate motion for sanctions. Accordingly, no sanctions can be imposed as a

6
C:\Users\SHELIA~1\AppData\Local\Temp\notes88842C\24R&R.docx  190806.0923

result of filing a motion in this case."), *aff'd*, 551 F. App'x 762 (5th Cir. 2014); *see also id.* ("As Defendant did not comply with the safe harbor requirements of Rule 11(c)(2), any sanctions imposed in this case would be on the court's own initiative.").

As stated, a federal court's authority to impose Rule 11 sanctions on its own initiative is circumscribed. Under Rule 11(c)(5)(B), "[t]he court must not impose a monetary sanction . . . on its own, unless it issued [a] show-cause order under Rule 11(c)(3) before voluntary dismissal." Here, no show-cause order was issued and Plaintiffs voluntarily dismissed the case before the sanction order was issued. Accordingly, the sanction order is procedurally improper. *See Brunig*, 560 F.3d at 297; *Marlin*, 533 F.3d at 379.[5]

The Court, based on its *de novo* review, **sustains** Plaintiffs' objection to Magistrate Judge Palermo's R&R on Motion to Vacate and **declines to adopt** the R&R with respect to the sanctions order. The R&R on Motion to Vacate will, in

---

[5] Reliance on *Cooter & Gell* is unavailing. While a "voluntary dismissal [does] not divest the District Court of jurisdiction to consider [a] Rule 11 motion," *see* 496 U.S. at 398, the decision predates the 1993 revision to Rule 11 that imposed the "show-cause order" requirement for court-initiated monetary sanctions. *See In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 673 (S.D. Tex. 2005) ("Yet, even with jurisdiction, Rule 11 sanctions are inappropriate because Rule 11's procedural prerequisites have not been satisfied in this case.").

7

all other respects, be adopted as this Court's Memorandum and Order. It is therefore

**ORDERED** that Plaintiffs' Objections [Doc. # 26] to the R&R on Motion to Vacate are **SUSTAINED**. It is further

**ORDERED** that the Magistrate Judge's Report & Recommendation and Order [Doc. # 25] is **ADOPTED in part** as the Court's Memorandum and Order. It is further

**ORDERED** that ADT's Motion to Vacate Voluntary Dismissal ("Motion to Vacate") [Doc. # 21] is **DENIED**. It is further

**ORDERED** that ADT's request for sanctions against Plaintiffs is **DENIED** and the Magistrate Judge's sanction order is **NOT ADOPTED**.

SIGNED at Houston, Texas, this 6th day of **August, 2019.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE